[917 NYS2d 225]

In the Matter of DOMINICK A. BARBARA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 8, 2011

APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Moran Karamouzis LLP*, Rockville Centre (*Grace D. Moran* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated November 17, 2009, containing five charges of professional misconduct. Charge five was withdrawn by the Grievance Committee following the hearing. After a preliminary conference on March 30, 2010, and a hearing on April 15, 2010, the Special Referee sustained the four remaining charges of professional misconduct. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline as the Court deems just and proper. The respondent's counsel has submitted an affirmation in response seeking to disaffirm the Special Referee's report with respect to charge two and to afford appropriate weight to the evidence of mitigation.

Charge one alleges that the respondent failed to forward to his client in a domestic relations matter a written, itemized bill on a regular basis, at least every 60 days, in violation of 22 NYCRR 1400.2.

The respondent was retained by Louis Rubino on or about September 24, 2004, to represent him in a domestic relations matter pending in the Supreme Court, Suffolk County. The respondent received the sum of $40,000 for his representation of Mr. Rubino in that matter. Mr. Rubino discharged the respondent in or about May 2005. During his representation, the respondent failed to issue written, itemized bills for legal services to Mr. Rubino on a regular basis.

Charge two alleges that the respondent failed to adequately supervise the conduct of attorneys and nonattorneys in his law firm, in violation of Code of Professional Responsibility DR 1-104 (c) and (d) (2) (22 NYCRR 1200.5 [c], [d] [2]).

During the time in which he represented Mr. Rubino, the respondent was the only named partner in his firm and had supervisory authority over other lawyers and nonlawyers in the firm. Each attorney in the respondent's firm was responsible for maintaining time sheets on the matters to which they were assigned and for forwarding completed time sheets to the firm's bookkeeper to prepare billing statements. The bookkeeper was responsible for forwarding client billing statements to the individual attorneys responsible for the matter to review and approve. The attorney responsible for each matter was responsible for reviewing and approving the billing statement and returning it to the bookkeeper. After receiving the billing statement back from the attorney, the bookkeeper was responsible for forwarding it to the client.

In the exercise of reasonable management or supervisory authority, the respondent knew or should have known that the firm's procedures were not being followed by all attorneys and nonattorneys in the firm with respect to billing statements for Mr. Rubino.

Charge three alleges that the respondent failed to refund that portion of a legal fee paid in advance which had not been earned, after being discharged by the client, in violation of Code of Professional Responsibility DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3]).

On or about May 11, 2006, the respondent was retained to represent Laura Gunther in a matrimonial action and was paid a retainer in the sum of $10,000. Although Ms. Gunther made several requests for a return of the balance of the unused retainer, the respondent failed to comply. Thereafter, by letter dated July 30, 2007, the respondent and his associate Cindy Prusinowski were advised that Christopher Cassar was now representing Ms. Gunther. The letter stated that the matrimonial action had been discontinued, that the respondent's services were no longer needed, and requested a refund of the balance of the retainer in the sum of $7,482.50.

Although the respondent's firm received that letter, it failed to respond. A duplicate letter marked "Second Request" and dated August 21, 2007, was mailed to the respondent and Ms. Prusinowski. Although that letter was also received, the respondent's firm failed to respond or to issue the requested refund.

By check dated April 3, 2008, the respondent's firm issued a refund to Ms. Gunther in the sum of $7,122.50, the balance of

the retainer. During the period from May 11, 2006, through April 3, 2008, the respondent was the only named partner in his firm and was responsible for the conduct of attorneys and non-attorneys in the firm.

Charge four alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by failing to adequately communicate with his client or her new counsel, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual allegations of charge three.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained the four remaining charges of the petition. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee takes note of the respondent's extensive disciplinary history. Between August 17, 1988 and October 1, 2009, the respondent received nine letters of caution, nine admonitions, and two advisements. Eight of those admonitions were issued on December 7, 2007 for separate complaints. Some of these Grievance Committee-level sanctions were issued for professional misconduct identical to the charges in the instant proceeding. For example, six of the admonitions were for inadequate supervision, and for failing to properly bill clients in domestic relations matters. One admonition involved the respondent's failure to promptly refund a retainer balance. The respondent was also issued two letters of caution for failing to adequately cooperate with a client's replacement counsel.

The respondent attempts to mitigate his disciplinary history by noting that most of the complaints which led to an avalanche of Grievance Committee sanctions were caused by his health problems, compounded by the sabotage of his law practice by disloyal associates. The respondent contends that he had no opportunity to amend his office procedures following the admonitions inasmuch as the other complaints, including those underlying this proceeding, were already filed. He proudly points out that in all his years of practice, he was only the subject of two malpractice claims which were dismissed in their early stages.

The respondent emphasizes the remedial efforts he has undertaken to improve his office, such as downsizing and hiring an administrative assistant, and the lack of substantial harm to clients. He asks the Court to take note of his commitment to re-

habilitation and sobriety, his remorse, his complete cooperation, his strong public service record, and the character letters attesting to his integrity, competence, and dedication to his clients.

Balancing the respondent's disciplinary history with the remedial efforts undertaken and the mitigation proffered, the respondent is suspended from the practice of law for a period of 18 months.

MASTRO, J.P., RIVERA, DILLON and DICKERSON, JJ., concur.

Ordered that the respondent, Dominick A. Barbara, is suspended from the practice of law for a period of 18 months commencing March 10, 2011, and continuing until further order of this Court; the respondent shall not apply for reinstatement earlier than March 9, 2012, and in such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Dominick A. Barbara, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Dominick A. Barbara, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).